IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Woodbridge Group of Companies, LLC, et al.[1]<br><br>        Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>    v.<br><br>SMITHSON FINANCIAL GROUP, LLC AND TODD SMITHSON,<br><br>        Defendants. | Adversary Proceeding<br><br>Case No. 19-51032 (BLS)<br><br>**Re: D.I. 1** |

**ANSWER, AFFIRMATIVE DEFENSES, AND OTHER DEFENSES TO COMPLAINT OBJECTING TO CLAIMS AND COUNTERCLAIMING FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS, FOR EQUITABLE SUBORDINATION, FOR SALE OF UNREGISTERED <u>SECURITIES, FRAUD, AND FOR AIDING AND ABETTING FRAUD</u>**

Defendants, Smithson Financial Group, LLC ("**SFG**") and Todd Smithson ("**Smithson**," and together with SFG, "**Defendants**") together hereby submit their *Answer, Affirmative Defenses and Other Defenses* (the "**Answer**") *to the Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers, for Equitable Subordination, for Sale of Unregistered Securities, Fraud, and for Aiding and*

---

[1]  The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603 and Woodbridge Mortgage Investment Fund 1, LLC (0172).  The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

*Abetting Fraud* (the "**Complaint**") filed by Michael Goldberg in his capacity as liquidating trustee of the Woodbridge Liquidation Trust (the "**Trustee**"), and respectfully state as follows:

## STATEMENT PURSUANT TO LOCAL RULE 7012-1

In submitting this Answer, Defendants do not consent to the entry of final orders by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## NATURE OF THE ACTION

1.      Beginning no later than July 2012 through December 1, 2017, Woodbridge Group of Companies, LLC and its 305 debtor affiliates (collectively, the "Debtors") were operated by their founder and principal, Robert Shapiro ("Shapiro"), as a Ponzi scheme. As part of this fraud, Shapiro and his lieutenants utilized the Debtors to raise over one billion dollars from approximately 10,000 investors nationwide as either Noteholders or Unitholders (collectively, "Investors").

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint, and therefore, those allegations are denied.

2.      Those Investors, many of whom were elderly, often placed a substantial percentage of their net worth (including savings and retirement accounts) with the Debtors and now stand to lose a significant portion of their investments and to be delayed in the return of the remaining portion. The quality of the Investors' lives will likely be substantially and adversely affected by the fraud perpetrated by Shapiro and his lieutenants.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint, and therefore, those allegations are denied.

3.      The purpose of this lawsuit is (i) to object to the Claims (defined below) so that Defendants are not further compensated at the expense of legitimate creditors for activities that advanced the Ponzi scheme and further drove the Debtors into insolvency, and to the extent the Claim, or any new or amended claims, survive, to equitably subordinate them, (ii) to avoid and recover monies previously paid to Defendants by reason of these activities, on the grounds that such payments were preferential, actually fraudulent, and/or constructively fraudulent; and (iii) to hold Defendants liable for sale of unregistered securities, for fraud, and for aiding and abetting fraud.

**ANSWER:** The allegations contained in paragraph 3 of the Complaint appear to be rhetorical statements or legal conclusions such that no response it required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint, and therefore, those allegations are denied.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action under 28 U.S.C. §§ 157(a) and 1334. Counts I, II, III, IV, V, VI, and VII of this adversary proceeding are core within the meaning of 28 U.S.C. § 157(b)(2)(B), (C), (F), and (H). Counts VIII, IX, and X are non-core. Plaintiff consents to entry of final orders or judgment by this Court on all counts.

**ANSWER:** The allegations in paragraph 4 are conclusions of law to which no response is required.  The allegations contain characterizations of provisions of law, the

full and complete provisions of which speak for themselves and to which the Court is respectfully referred.  To the extent a response is necessary, Defendants deny that the Court has authority to enter final orders or judgments on any of the counts.  By answering, the Defendants are not agreeing to confer such authority to the Court.

5.      Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**ANSWER:** The allegations in paragraph 5 are conclusions of law to which no response is required.  To the extent a response is required, denied.

## THE PARTIES

### *The Liquidation Trust*

6.      On December 4, 2017 (the "Initial Petition Date"), certain of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. Other of the Debtors followed with their own voluntary cases (collectively with those of the original Debtors, the "Bankruptcy Cases") within the following four months (each such date, including the Initial Petition Date, a "Petition Date").

**ANSWER:** Defendants, upon information and belief, admit the allegations contained in paragraph 6 of the Complaint.

7.      On October 26, 2018, this Court entered an order confirming the Plan (Bankr. Docket No. 2903).

**ANSWER:** Defendants, upon information and belief, admit the allegations contained in paragraph 7 of the Complaint.

8.      The Plan provides for *inter alia*, the establishment of the Liquidation Trust on the Effective Date of the Plan for the benefit of the Liquidation Trust Beneficiaries in accordance with the terms of the Plan and the Liquidation Trust Agreement. *See* Plan §§ 1.75, 5.

> **ANSWER:** The Plan is a document the contents of which speak for itself. The allegations contained in paragraph 8 are otherwise specifically denied as stated.

9.      The Effective Date of the Plan occurred on February 15, 2019.

> **ANSWER:** Defendants, upon information and belief, admit the allegations contained in paragraph 9 of the Complaint.

10.      On February 25, 2019, the Court entered an order closing the Bankruptcy Cases of all Debtors except Woodbridge Group of Companies, LLC and Woodbridge Mortgage Investment Fund 1, LLC (together, the "Remaining Debtors"). The Remaining Debtors' Bankruptcy Cases are jointly administered under Case No. 17-12560 (BLS).

> **ANSWER:** Defendants, upon information and belief, admit the allegations contained in paragraph 10 of the Complaint.

11.      On the Effective Date, the Liquidation Trust was automatically vested with all of the Debtors' and the estates' respective rights, title, and interest in and to all Liquidation Trust Assets. *See* Plan § 5.4.3. Further, the Liquidation Trust, as successor in interest to the Debtors, has the right and power to file and pursue any and all "Liquidation Trust Actions" without any further order of the Bankruptcy Court. *Id*. § 5.4.15. "Liquidation Trust Actions"

include, inter alia, "all Avoidance Actions and Causes of Action held by the Debtors or the Estates …." *Id*. § 1.76.

> **ANSWER:** The allegations in paragraph 11 are based on references to the Plan that is a document the contents of which speak for itself. The allegations contained in paragraph 11 are otherwise specifically denied as stated.

12.     In addition to its status as successor in interest to the Debtors and their estates, the Liquidation Trust also holds claims held by Investors who elected to contribute to the Liquidation Trust certain causes of action that those Investors possess against individuals such as Defendants (the "Contributed Claims"). *Id.* § 1.28 (defining "Contributed Claims" to include "All Causes of Action that a Noteholder or Unitholder has against any Person that is not a Released Party and that are related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties, including … all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of any Notes or Units; … all Causes of Action based on, arising out of, or related to the misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and … all Causes of Action based on, arising out of, or related to any failure to disclose, or actual or attempted cover up or obfuscation of, any of the conduct described in the Disclosure Statement, including in respect of any alleged fraud related thereto").

> **ANSWER:** The allegations in paragraph 12 are based on references to the Plan that is a document the contents of which speak for itself. The allegations contained in paragraph 12 are otherwise specifically denied as stated.

*Defendants*

13.     Defendant Smithson is an individual residing in the State of Utah. Plaintiff is informed and believes and thereupon alleges Defendant SFG is a Utah limited liability company that is owned, managed, dominated, and controlled by Smithson. Upon information and belief, Defendants acted as financial advisors and/or brokers that sold securities to the public and provided investment services.

> **ANSWER:** Regarding the allegations in paragraph 13 of the Complaint, Defendants admit that Smithson is an individual residing in the State of Utah and that SFG is a Utah limited liability company.  Defendants further admit that Smithson is a part-owner of SFG.  The allegations contained in paragraph 13 of the Complaint are otherwise denied as stated.

14.     Defendants sold Notes and Units to unsuspecting Investors, created marketing materials and sales scripts to facilitate the sale of Notes and Units to unsuspecting Investors (often targeting unsophisticated, elderly investors with Individual Retirement Accounts). In so doing, Defendants made materially false and fraudulent statements to induce Investors to provide money. In connection with such conduct, Defendants, directly or indirectly, singly or in concert with others, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, and of the mails.

> **ANSWER:** The allegations contained in paragraph 14 of the Complaint are legal conclusions such that no response it required.  To the extend a response is required, the allegations in paragraph 14 are denied.

## **FACTUAL BACKGROUND**

*The Fraud*

15.     At least since July 2012 until shortly before they sought bankruptcy protection,

the Debtors were operated as a Ponzi scheme. As this Court explained in its order confirming

the Plan:

> The evidence demonstrates, and the Bankruptcy Court hereby finds, that (i)
> beginning no later than July 2012 through December 1, 2017, Robert H.
> Shapiro used his web of more than 275 limited liability companies, including
> the Debtors, to conduct a massive Ponzi scheme raising more than $1.22
> billion from over 8,400 unsuspecting investors nationwide; (ii)the Ponzi
> scheme involved the payment of purported returns to existing investors from
> funds contributed by new investors; and (iii) the Ponzi scheme was discovered
> no later than December 2017.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations contained in paragraph 15 of the Complaint, and

therefore, those allegations are denied.

16.     The securities sold by Defendants (*i.e.*, the Debtors' Notes and Units) were not

registered with the Securities and Exchange Commission (the "SEC") or applicable state

securities agencies and there was no applicable exemption from registration. Nor were

Defendants registered as broker-dealers with the SEC or applicable state agencies.

**ANSWER:** Regarding the allegations in paragraph 16 of the Complaint, Defendants

admit that they were not registered as broker-dealers. However, Defendants deny that

they sold any units and further deny that the notes are securities or were required to be

registered with the SEC or applicable state securities agencies. Regarding the

remainder of the allegations in paragraph 16 of the Complaint, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations

contained in the first sentence of paragraph 16 of the Complaint, and therefore, those allegations are denied.

17.     Investors were often told that they were investing money to be loaned with respect to particular properties owned by third parties, that those properties were worth substantially more than the loans against the properties, and that they would have the benefit of a stream of payments from these third parties for high-interest loans, protected by security interests and/or mortgages against such properties. Shapiro and his lieutenants represented to Investors that the Debtors' profits would be generated by the difference between the interest rate the Debtors charged its third-party borrowers and the interest rate it paid Investors.

> **ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint, and therefore, those allegations are denied.

18.     In reality, these statements were lies. Investors' money was almost never used to make high-interest loans to unrelated, third-party borrowers, and there was no stream of payments; instead, Investors' money was commingled and used for an assortment of items, including maintaining a lavish lifestyle for Shapiro and his family, brokers' commissions, overhead (largely for selling even more Notes and Units to Investors), and payment of principal and interest to existing Investors. The money that was used to acquire properties (almost always owned by a disguised affiliate) cannot be traced to any specific Investor. These are typical characteristics of Ponzi schemes.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, those allegations are denied.

19.    Because the Debtors operated as a Ponzi scheme, obtaining new money from Investors into the Ponzi scheme conferred no net benefit on the Debtors; on the contrary, each new investment was a net negative. Money was siphoned off to pay the expenses described above, so that the Debtors actually received only a fraction of the investment dollars. New money also perpetuated the Ponzi scheme as such money enabled the Debtors to return fictitious "profits" to early Investors – an essential component of the scheme, because "repaying" early Investors led to new investments, without which the house of cards would fall, as it eventually did. At the same time, each investment created an obligation to return to the defrauded Investor 100% of the investment, such that each new investment increased the Debtors' liabilities and ultimately left them unable to satisfy their aggregate liabilities.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and therefore, those allegations are denied.

*The Proof(s) of Claim*

20.    Defendant SFG was scheduled by the Debtors for claims against the Debtors as identified in particular on **Exhibit A** hereto (collectively the "Claims").  The Claims are based on Notes and/or Units held by and commissions owed to Defendants.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, and therefore, those allegations are denied.

21.     Defendants engaged in activities that generated investments in the Debtors. Defendants are or were in the business of selling investment products, including the Debtors' Notes and/or Units, to retail investors. Defendants solicited and sold Notes and/or Units to investors. Defendant SFG received commission payments from the Debtors on account of Notes and/or Units sold to investors.

**ANSWER:** Regarding the allegations contained in paragraph 21 of the Complaint, admitted that Defendants received commission payments on account of notes sold by one or more of the Debtors to investors.  Defendants deny any involvement in the sale of units including, without limitation, denying that Defendants received any commissions related to the sale of any units.  Defendants further deny any remaining allegations contained in paragraph 21 of the Complaint.

*The Transfers*

22.     Plaintiff is informed and believes and thereupon alleges that within the 90 days preceding the relevant transferor's petition date, Defendant SFG received transfers totaling not less than the amount set forth on **Exhibit B** hereto (the "90 Day Transfers"), including commission payments and other compensation. The precise 90 Day Transfers – including the transferor, its Petition Date, the date of each transfer, and the amount of each transfer – are set forth on **Exhibit B**.

**ANSWER:** Regarding the allegations contained in paragraph 22 of the Complaint, Defendants admit that within 90 days of the relevant transferor's petition date, Defendants received certain transfers.  However, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 22 of the Complaint, and therefore, those allegations are denied. Defendants further deny that the transfers referenced in paragraph 22 are preferential, actually or constructively fraudulent, or otherwise avoidable transfers.

23.     Plaintiff is informed and believes and thereupon alleges that within the two years preceding the Initial Petition Date, Defendant SFG received transfers totaling not less than the amount set forth on **Exhibit B** hereto (the "Two Year Transfers"), including commission payments and other compensation. (The Two Year Transfers are inclusive of the 90 Day Transfers, but Plaintiff does not seek to recover the same sum more than once.) The Two Year Transfers – including the transferor, its Petition Date, the date of each transfer, and the amount of each transfer – are set forth on **Exhibit B**.

**ANSWER:** Regarding the allegations contained in paragraph 23 of the Complaint, Defendants admit that within two years preceding the Initial Petition Date, Defendants received certain transfers.  However, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23 of the Complaint, and therefore, those allegations are denied.  Defendants further deny that the transfers referenced in paragraph 23 are preferential, actually or constructively fraudulent, or otherwise avoidable transfers.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Avoidance and Recovery of Preferential Transfers**

24.     Plaintiff realleges and incorporates herein Paragraphs 1 through 23, as if fully set forth herein.

**<u>ANSWER:</u>** Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

25.     The 90 Day Transfers constituted transfers of the Debtors' property.

**<u>ANSWER:</u>** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint, and therefore, those allegations are denied.

26.     The 90 Day Transfers were made to or for the benefit of Defendants on account of an antecedent debt and while the Debtors were insolvent. The affirmative assertion that the Debtors were insolvent at the times of the 90 Day Transfers is not intended and does not shift the burden of proof or alter the presumption of insolvency provided by Bankruptcy Code section 547(f).

**<u>ANSWER:</u>** The allegations in paragraph 26 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint, and therefore, those allegations are denied.

27.     By virtue of the 90 Day Transfers, Defendants received more than it would have received if the 90 Day Transfers had not been made and if Defendants received a distribution pursuant to a chapter 7 liquidation.

**ANSWER:** The allegations in paragraph 27 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint, and therefore, those allegations are denied.

28.     As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 547(b), 550(a), and 551: (a) avoiding the 90 Day Transfers free and clear of any interest of Defendants, (b) directing that the 90 Day Transfers be set aside, and (c) recovering the 90 Day Transfers or the value thereof from Defendants for the benefit of the Liquidation Trust.

**ANSWER:** The allegations in paragraph 28 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 28 of the Complaint are denied.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code

29.     Plaintiff realleges and incorporates herein Paragraphs 1 through 28, as if fully set forth herein.

**ANSWER:** Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

30.     The Two Year Transfers constituted transfers of the Debtors' property.

**ANSWER:** The allegations in paragraph 30 are conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint, and therefore, those allegations are denied.

31.     The Two Year Transfers were made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the services allegedly provided in exchange for such transfers perpetuated a Ponzi scheme.

**ANSWER:** The allegations in paragraph 31 are conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint, and therefore, those allegations are denied.

32.     The Two Year Transfers were made to or for the benefit of Defendants.

**ANSWER:** Regarding the allegations contained in paragraph 32 of the Complaint, Defendants admit that within two years preceding the Initial Petition Date, Defendants received certain transfers. However, Defendants deny that the transfers referenced in paragraph 32 are preferential, actually or constructively fraudulent, or otherwise avoidable transfers. To the extent any remaining allegations contained in paragraph 32 of the Complaint require a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint, and therefore, those allegations are denied.

33.     As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 548(a), 550(a), and 551: (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Two Year Transfers be set aside, and (c) recovering such Two Year Transfers or the value thereof from Defendants for the benefit of the Liquidation Trust.

> **ANSWER:** The allegations in paragraph 33 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 33 of the Complaint are denied.

### THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers–Bankruptcy Code**

34.     Plaintiff realleges and incorporates herein Paragraphs 1 through 33, as if fully set forth herein.

> **ANSWER:**  Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

35.     The Two Year Transfers constituted transfers of the Debtors' property.

> **ANSWER:** The allegations in paragraph 35 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint, and therefore, those allegations are denied.

36.     The Two Year Transfers were made by the Debtors for less than reasonably equivalent value at a time when the Debtors (i) were insolvent; and/or (ii) were engaged or

about to engage in business or a transaction for which any capital remaining with the Debtors were an unreasonably small capital; and/or (iii) intended to incur, or believed that Debtors would incur, debts beyond their ability to pay as such debts matured.

**ANSWER:** The allegations in paragraph 36 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Complaint, and therefore, those allegations are denied.

37.     The Two Year Transfers were made to or for the benefit of Defendants.

**ANSWER:** Regarding the allegations contained in paragraph 37 of the Complaint Defendants admit that within two years preceding the Initial Petition Date, Defendants received certain transfers.  However, Defendants deny that the transfers referenced in paragraph 37 are preferential, actually or constructively fraudulent, or otherwise avoidable transfers.  To the extent any remaining allegations contained in paragraph 37 of the Complaint require a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint, and therefore, those allegations are denied.

38.     As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 548(a), 550(a), and 551: (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Two Year Transfers be set aside, and (c) recovering such Two Year Transfers or the value thereof from Defendants for the benefit of the Liquidation Trust.

**ANSWER:** The allegations in paragraph 38 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 38 of the Complaint are denied.

## FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Voidable Transactions – State Law**

39.     Plaintiff realleges and incorporates herein Paragraphs 1 through 39, as if fully set forth herein.

**ANSWER:** Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

40.     The Two Year Transfers constituted transfers of the Debtors' property.

**ANSWER:** The allegations in paragraph 40 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Complaint, and therefore, those allegations are denied.

41.     The Two Year Transfers were made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the services allegedly provided in exchange for such transfers perpetuated a Ponzi scheme.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint, and therefore, those allegations are denied

42.    The Two Year Transfers were made to or for the benefit of Defendants.

**ANSWER:** Regarding the allegations contained in paragraph 42 of the Complaint Defendants admit that within two years preceding the Initial Petition Date, Defendants received certain transfers.  However, Defendants deny that the transfers referenced in paragraph 42 are preferential, actually or constructively fraudulent, or otherwise avoidable transfers.  To the extent any remaining allegations contained in paragraph 42 of the Complaint require a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint, and therefore, those allegations are denied.

43.    Each Debtor that made any of the Two Year Transfers had at least one creditor with an allowable unsecured claim for liabilities, which claim remained unsatisfied as of the Petition Date.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint, and therefore, those allegations are denied.

44.    The Two Year Transfers are avoidable under applicable law – California Civil Code section 3439.04(a)(1) and/or comparable provisions of law in other jurisdictions that have adopted the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act or the Uniform Fraudulent Conveyance Act – by a creditor holding an allowed unsecured claim and thus by Plaintiff pursuant to Bankruptcy Code section 544(b).

**ANSWER:** The allegations in paragraph 44 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge

or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint, and therefore, those allegations are denied.

45.     As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 544(b), 550(a), and 551: (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Two Year Transfers be set aside, and (c) recovering such Two Year Transfers or the value thereof from Defendants for the benefit of the Liquidation Trust.

   **ANSWER:** The allegations in paragraph 45 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 45 of the Complaint are denied.

## FIFTH CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Voidable Transactions – State Law

46.     Plaintiff realleges and incorporates herein Paragraphs 1 through 45, as if fully set forth herein.

   **ANSWER:** Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

47.     The Two Year Transfers constituted transfers of the Debtors' property.

   **ANSWER:** The allegations in paragraph 47 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47 of the Complaint, and therefore, those allegations are denied.

48.     The Two Year Transfers were made by the Debtors for less than reasonably equivalent value at a time when the Debtors (i) were insolvent; and/or (ii) were engaged or was about to engage in business or a transaction for which any capital remaining with the Debtors were an unreasonably small capital; and/or (iii) intended to incur, or believed that it would incur, debts beyond their ability to pay as such debts matured.

**ANSWER:** The allegations in paragraph 48 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of the Complaint, and therefore, those allegations are denied.

49.     The Two Year Transfers were made to or for the benefit of Defendants.

**ANSWER:** Regarding the allegations contained in paragraph 49 of the Complaint Defendants admit that within two years preceding the Initial Petition Date, Defendants received certain transfers.  However, Defendants deny that the transfers referenced in paragraph 49 are preferential, actually or constructively fraudulent, or otherwise avoidable transfers.  To the extent any remaining allegations contained in paragraph 49 of the Complaint require a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49 of the Complaint, and therefore, those allegations are denied.

50.     At the time of and/or subsequent to each of the Two Year Transfers, each Debtor that made any of the Two Year Transfers had at least one creditor with an allowable unsecured claim for liabilities, which claim remained unsatisfied as of the Petition Date.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the Complaint, and therefore, those allegations are denied.

51.     The Two Year Transfers are avoidable under applicable law – California Civil Code section 3439.04(a)(2) and/or comparable provisions of law in other jurisdictions that have adopted the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act or the Uniform Fraudulent Conveyance Act – by a creditor holding an allowed unsecured claim and thus by Plaintiff pursuant to Bankruptcy Code section 544(b).

**ANSWER:** The allegations in paragraph 51 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Complaint, and therefore, those allegations are denied

52.     As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 544(b), 550(a), and 551: (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendant, (b) directing that the Two Year Transfers be set aside, and (c) recovering such Two Year Transfers or the value thereof from Defendants for the benefit of the Liquidation Trust.

**ANSWER:** The allegations in paragraph 52 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 52 of the Complaint are denied.

## <u>SIXTH CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)</u>

### Objection to Claims (Bankruptcy Code Section 502(d))

53.     Plaintiff realleges and incorporates herein Paragraphs 1 through 52, as if fully set forth herein.

**<u>ANSWER:</u>**  Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

54.     The Claims are not allowable because:

      a.      Defendants received property, i.e., the Transfers, recoverable under Bankruptcy Code section 550; and/or

      b.      Defendants received a transfer, i.e., the Transfers, avoidable under Bankruptcy Code section 544, 547, or 548.

**<u>ANSWER:</u>** The allegations in paragraph 54 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 54 of the Complaint are denied.

55.     In either event, the Claims must be disallowed under Bankruptcy Code section 502(d) unless and until Defendants have fully repaid the amount, or turned over any such property, for which Defendants are liable under Bankruptcy Code section 550.

**<u>ANSWER:</u>** The allegations in paragraph 55 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 55 of the Complaint are denied.

## SEVENTH CLAIM FOR RELIEF

### Equitable Subordination of Claims

56.     Plaintiff realleges and incorporates herein Paragraphs 1 through 55, as if fully set forth herein.

**ANSWER:**  Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

57.     By providing services that helped perpetuate a Ponzi scheme, Defendants engaged in inequitable conduct.

**ANSWER:** Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants' inequitable conduct has resulted in injury to the Debtors' estates and their other creditors and/or has conferred an unfair advantage on Defendants.

**ANSWER:** Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Principles of equitable subordination require that any claims asserted by Defendants be equitably subordinated to all other claims against the Debtors.

**ANSWER:** The allegations in paragraph 59 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 59 of the Complaint are denied.

60.    Equitable subordination as requested herein is consistent with the provisions and purposes of the Bankruptcy Code.

**ANSWER:** The allegations in paragraph 60 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 60 of the Complaint are denied.

61.    As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code section 510(c) equitably subordinating any and all claims that Defendants may assert against any of the Debtors, whatever the origin of those claims, including, without limitation, the Claims and any claims that may be asserted under Bankruptcy Code section 502(h), to all other claims against the Debtors.

**ANSWER:** The allegations in paragraph 61 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 61 of the Complaint are denied.

**EIGHTH CLAIM FOR RELIEF**

**Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))**

62.    Plaintiff realleges and incorporates herein Paragraphs 1 through 62, as if fully set forth herein.

**ANSWER:** Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

63.    The Notes and Units sold by Defendants were securities within the meaning of the Securities Act.

**ANSWER:** The allegations in paragraph 63 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 63 of the Complaint are denied.

64.    No registration statement was filed or in effect with the SEC pursuant to the Securities Act with respect to the securities issued by the Debtors as described in this Complaint and no exemption from registration existed with respect to these securities.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the Complaint, and therefore, those allegations are denied.

65.    From in or about July 2012 through at least December 4, 2017, Defendants directly and indirectly:

   a.    made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

   b.    carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; and/or

   c.    made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, without a registration statement having been filed or being in effect with the SEC as to such securities.

**ANSWER:** The allegations in paragraph 65 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 65 of the Complaint are denied.

66.     By reason of the foregoing, Defendants violated Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

**ANSWER:** The allegations in paragraph 66 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 66 of the Complaint are denied.

67.     The Investors who contributed their claims to the Liquidation Trust purchased the unregistered securities issued by the Debtors and as a direct and proximate result sustained significant damages. Accordingly, the Liquidation Trust has standing under Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1), to bring a cause of action seeking damages based on Defendants' violations of Section 5(a) and 5(c) of the Securities Act.

**ANSWER:** The allegations in paragraph 67 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the Complaint, and therefore, those allegations are denied.

68.     As a result of the foregoing, Plaintiff is entitled to judgment holding Defendants jointly and severally liable for the sale of unregistered securities, as set forth in **Exhibit C**, or in an amount to be proven at trial.

**ANSWER:** The allegations in paragraph 68 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 68 of the Complaint are denied.

## NINTH CLAIM FOR RELIEF

### Fraud

69.     Plaintiff realleges and incorporates herein Paragraphs 1 through 69, as if fully set forth herein.

**ANSWER:** Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

70.     Defendants misrepresented the facts to Investors, including by making affirmative misrepresentations and by concealing and failing to disclose the true facts. Among the misrepresentations were that Investors were often told that they were investing money to be loaned with respect to particular properties owned by third parties, that those properties were worth substantially more than the loans against the properties, and that they would have the benefit of a stream of payments from these third parties for high-interest loans, protected by security interests and/or mortgages against such properties.

**ANSWER:** Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     In reality, these statements were lies. Investors' money was almost never used to make high-interest loans to unrelated, third-party borrowers, and there was no stream of payments; instead, Investors' money was commingled and used for an assortment of expenses, including maintaining a lavish lifestyle for Shapiro and his family, brokers' commissions, overhead (largely for selling even more Notes and Units to Investors), and payment of principal and interest to existing investors. The money that was used to acquire properties (almost always owned by a disguised affiliate) cannot be traced to any specific Investor.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 71 of the Complaint, and therefore, those allegations are denied.

72.     Defendants made these misrepresentations knowingly, with scienter, and with intent to defraud Investors.

**ANSWER:** Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     The Investors who contributed their claims to the Liquidation Trust justifiably relied on Defendants' misrepresentations of facts, and as a direct and proximate result sustained hundreds of millions of dollars in damages.

**ANSWER:** The allegations in paragraph 73 are conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 73 of the Complaint, and therefore, those allegations are denied.

74.     As a result of the foregoing, Plaintiff is entitled to judgment holding Defendants jointly and severally liable for fraud, as set forth in Exhibit C, or in an amount to be proven at trial.

**ANSWER:** The allegations in paragraph 74 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 74 of the Complaint are denied.

## **TENTH CLAIM FOR RELIEF**

### **Aiding and Abetting Fraud**

75.     Plaintiff realleges and incorporates herein Paragraphs 1 through 75, as if fully set forth herein.

> **ANSWER:**  Defendants incorporate and restate the foregoing paragraphs as if fully set forth herein.

76.     Shapiro – an architect of the fraud – also misrepresented the facts to Investors, and did so knowingly, with scienter, and with intent to defraud Investors. The Investors who contributed their claims to the Liquidation Trust justifiably relied on Shapiro's misrepresentations of facts, and as a direct and proximate result sustained hundreds of millions of dollars in damages.

> **ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 76 of the Complaint, and therefore, those allegations are denied.

77.     Defendants knowingly and substantially assisted Shapiro in defrauding Investors.

> **ANSWER:** Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants were aware of Shapiro's fraud and acted knowingly in providing substantial and material assistance to Shapiro.

**ANSWER:** Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants substantially benefited by receiving income, commissions, and bonuses.

**ANSWER:** Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     As a result of the foregoing, Plaintiff is entitled to judgment holding Defendants jointly and severally liable for aiding and abetting fraud, as set forth in **Exhibit C**, or in an amount to be proven at trial, in an amount to be proven at trial.

**ANSWER:** The allegations in paragraph 80 are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in paragraph 80 of the Complaint are denied.

## GENERAL DENIAL

Defendants deny each and every allegation, statement and matter not expressly admitted or qualified herein.  Any allegations made in the headings contained in the Complaint are denied.  The prayer for relief is denied.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law, Defendants, by counsel, for their affirmative and other defenses to the Complaint filed by the Trustee, state as follows:

1.      The Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Bankruptcy Rule 7012.

2.      This Court lacks subject matter jurisdiction to adjudicate Counts VIII, IX and X of the Complaint.

3.      The Trustee has not plead facts sufficient to establish a cause of action against Defendants, as the Trustee has not plead facts sufficient to support the underlying allegation that the activity of the debtors was illegal or that there was a "Ponzi scheme," and therefore that the Transfers to the Defendants were the result of any sort of illegal activity.

4.      The Transfers were intended by the respective debtor and Defendants to be a contemporaneous exchange for new value given to the respective debtor and was in fact a substantially contemporaneous exchange.

5.      The Transfers were in payment of an antecedent debt incurred by the respective debtor in the ordinary course of business or financial affairs of the respective debtor and Defendants; and (a) made in the ordinary course of business or financial affairs of the respective debtor and Defendants; or (b) made according to ordinary business terms.

6.      Defendants gave new value to or for the benefit of the respective debtor after the Transfers, which value was (a) not secured by an otherwise unavoidable security interest; and (b) on account of which the respective debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendants.

7.      With regard to alleged fraudulent Transfers, the respective debtor received reasonably equivalent value in consideration of the Transfers.

8.      Defendants are each a good faith transferee for value without knowledge of the voidability of the Transfers or immediate or mediate good faith transferees of such transferee as provided by section 550(b)(1) and (2) of the Bankruptcy Code.

9.      The Trustee's claims are barred, in whole or in part, because Defendants are each a good faith transferee under California Civil Code section 3439.08(a) or other applicable law.

10.      At no time did Defendants have knowledge, actual or otherwise, of any illegal activities in which the respective debtors may have been engaged.

11.      Defendants were fraudulently induced by the respective debtors to market and sell debtor's notes by assurances that, *inter alia*, any notes were exempt from registration requirements under Regulation D and attorney opinion letters that such notes were exempt from registration requirements under securities law, and that such notes were secured by certain real estate, and that any funds received by investors were the product of their original investments.

12.      To the extent that the alleged transfers are deemed to have involved securities— which Defendants expressly deny—Trustee's claims are barred, in whole or in part, because the alleged transfers are not avoidable pursuant to the safe harbor provision of 11 U.S.C. § 546(e).

13.      Based on Trustee's express and implied allegations, including, without limitation, the express allegation contained in paragraphs 26, 36 and 48 of the Complaint, the Debtors were insolvent at the time of each transfer of alleged securities.  Accordingly, the alleged securities had no value and cannot be recovered under Sections 544, 547, 548 or 550 of the Bankruptcy Code.

14.    The Trustee's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

15.    The Trustee has failed to mitigate the damages alleged in the Complaint.

16.    The Trustee's claims are subject to setoff and/or recoupment.

17.    The Trustee lacks standing to bring some or all of its claims.

18.    Trustee's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

19.    Trustee's claims are barred, in whole or in part, by the doctrine of waiver.

20.    Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

21.    Trustee's claims are barred, in whole or in part, by the doctrine of in pari delicto.

22.    Trustee's claims are barred, in whole or in part, by the doctrine of law of the case.

23.    Trustee's claims are barred, in whole or in part, by the doctrine of res judicata.

24.    Trustee's claims are barred, in whole or in part, by the doctrine of laches.

25.    Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

26.    Trustee's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

27.    Trustee's claims are barred, in whole or in part, by the doctrine of estoppel.

28.    Plaintiff's damages, if any, were not proximately caused by Defendants.

29.    Any injury or damages suffered by Plaintiff resulted, in whole or in part, through intervening or superseding causes.

30.     Trustee's claims are barred, in whole or in part, to the extent that any recovery by the Trustee from Defendants would constitute an unlawful double recovery or unjust enrichment.

31.     Defendants deny each and every allegation in the Complaint not admitted or otherwise controverted and further denies that the Trustee is entitled to relief from Defendants.

32.     Defendants reserve the right to assert other claims and/or defenses as may be available or become available during the course of these proceedings.   Defendants further reserve the right to plead further in this matter, including but not limited to amendment to this Answer, counterclaims, crossclaims or third-party complaints.

**WHEREFORE,** Defendants respectfully request that the Court deny in its entirety the relief requested in the Complaint, dismiss the Complaint with prejudice, and grant Defendants all other just and proper relief.

Dated:          February 18, 2020              **BENESCH, FRIEDLANDER, COPLAN &**
                                               **ARONOFF LLP**


                                                   */s/ Kevin M. Capuzzi*
                                               Kevin M. Capuzzi (DE Bar No. 5462)
                                               Matthew D. Beebe (DE Bar No. 5980)
                                               222 Delaware Avenue, Suite 801
                                               Wilmington, DE  19801-1611
                                               Telephone:  302.442.7010
                                               Facsimile:  302.442.7012
                                               kcapuzzi@beneschlaw.com
                                               mbeebe@beneschlaw.com

                                               *Counsel for Defendants Smithson Financial Group LLC and Todd Smithson*